Filed 1/16/24  P. v. Baker CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C098305 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CM02683) |
| v. | |
| MATTHEW DEAN BAKER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Matthew Dean Baker filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having reviewed the record as required, we will order a correction to the abstract of judgment and affirm.

1

## FACTS AND HISTORY OF THE PROCEEDINGS

On June 1, 2022, defendant used pliers to break into someone else's building and ignited a fire inside. Defendant was charged with arson of another's property (Pen. Code, § 451, subd. (d)). After defense counsel declared a doubt as to defendant's mental competency, the trial court suspended the proceedings and appointed an expert to evaluate defendant's competency to stand trial. At a hearing on September 7, 2022, the court concluded that defendant was not competent to stand trial. The court placed defendant with the Department of State Hospitals for treatment.

At a subsequent hearing on February 22, 2023, the trial court found defendant competent to stand trial and reinstated the proceedings. Defendant pleaded no contest to the arson charge. The court rejected defendant's request for the lower term and, after finding both factors in aggravation and mitigation, sentenced defendant to the middle term of two years. The court awarded defendant 309 days of actual custody credit and 308 days of conduct credit.

Defendant timely appealed.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Our review of the record discloses a clerical error that requires correction. At sentencing the trial court awarded defendant with 309 actual days credit. The abstract of judgment incorrectly reflects 609 actual days credit. Accordingly, the trial court must

2

prepare a corrected abstract of judgment reflecting 309 actual days of custody credit. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant.

DISPOSITION

The judgment is affirmed. The clerk of the superior court is directed to correct the abstract of judgment to reflect 309 days of actual custody credit and to forward a certified copy to the Department of Corrections and Rehabilitation.

 

 
<br>
HULL, Acting P. J.

 

We concur:

 
<br>
RENNER, J.

 
<br>
MESIWALA, J.

3